SCANDINAVIAN–AMERICAN BANK v. MECHANICS BUILDING
SOCIETY and Others.

January 18, 1900.

Nos. 11,902—(178).

## Stockholders in Insolvent Corporation.

Evidence considered, and *held* that a finding of the trial court to the effect that the appellants are stockholders in the defendant corporation is sustained by the evidence.

Action in the district court for Ramsey county by a judgment creditor of defendant society to enforce the liability of defendant stockholders. Patrick Sexton, a creditor, filed a complaint in intervention. The case was tried before Jaggard, J., who found in favor of plaintiff and intervenor; and from an order denying a motion for a new trial, certain of defendant stockholders appealed. Affirmed.

*Charles Bechhoefer, Stevens, O'Brien, Cole & Albrecht, T. R. Kane,* and *Moritz Heim,* for appellants.

*McLaughlin & Boyesen,* for plaintiff respondent.

*Morphy & Ewing,* for intervenor respondent.

START, C. J.

This action was brought by a creditor against the defendant corporation and its stockholders, under G. S. 1894, c. 76, to enforce the liability of the stockholders for the debts of the corporation. The trial court found, as a fact, that the appellants were on December 5, 1894, and ever since have been, stockholders of the corporation; also all other facts essential to support its conclusion of law that the plaintiff and intervenor were entitled to judgment against such stockholders for the amount remaining due on their respective claims, after exhausting the assets of the corporation, not exceeding the amount of the par value of the stock held by each stockholder. The appellants appealed from an order denying their motion for a new trial.

The only question for our consideration is whether the finding of the trial court, as to the appellants being stockholders of the corporation, is sustained by the evidence. There is little, if any, con-

flict as to the evidential facts, but the parties differ radically as to the inference to be drawn from such facts.

The Mechanics Building Society, a corporation organized under G. S. 1866, c. 34, tit. 2, was in July, 1891, doing business as a building society, and was then possessed of valuable assets, and had no liabilities except its stock. It is admitted that the appellants were then stockholders of the corporation, but they claim that they ceased to be such. before the debts of the plaintiff and intervenor were contracted. The burden was upon them to establish such claim. At a meeting of the directors of the corporation on July 15, 1891, it was announced by the secretary that the plan upon which the society was organized was defective, and was not working satisfactorily. Thereupon it was voted that the affairs of the corporation be wound up as soon as practical, and that the secretary and attorney of the corporation be requested to organize a society on an improved plan, so that members who so wished could purchase stock therein upon withdrawing from the then present society. Such new society was formed and incorporated under the name of the Consolidated Building Society, and all the appellants surrendered their certificates of stock in the old society, which were cancelled, and took stock in the new society. It does not appear that all of the stockholders in the old society did so, or that the new society then had any assets. The new society continued business for about a year, when it determined to wind up its business. Thereupon, on December 5, 1892, the directors at a meeting adopted the following resolution:

"Resolved, that whenever and in all cases where the president and secretary of this society have issued its stock, and as a proposed and contemplated exchange for the stock of the Fifth Ward and Mechanics Building Society, that they are hereby authorized and directed to take up all stock of this society so issued, and to cancel the same; also to surrender to the proper stockholders their stock in the Fifth Ward or Mechanics Building Society."

The Fifth Ward Society mentioned in this resolution was another and similar building society which the Consolidated Society seems to have attempted to take over; that is, absorb its stockholders and assets. On the same day the directors of the old

society, the Mechanics Building Society, adopted a resolution to the effect following:

"That in all cases where the secretary of this society has received the stock of any stockholder for the contemplated purpose of exchanging the same for the stock of the Consolidated Building Society, and has mutilated, disfigured, or cancelled the same, and in that condition now holds it in his possession, that the same shall be considered surrendered for new stock of this society, and the president and secretary are hereby authorized and directed to issue new stock to the stockholders in lieu thereof, in the same series and for the same number of shares."

No further action appears to have been taken by either society or its members to carry out these resolutions. The precise relations between the old and new society are left somewhat indefinite and obscure by the evidence. There is no evidence that there was any agreement or resolution whereby the old society was to transfer its assets to the new society, and it never did. Nor does it appear that there was any money or other consideration ever paid to the stockholders of the old society for surrendering their certificates. Such surrender seems to have been made pursuant to a notice to such stockholders by the secretary of the old society, who was also secretary of the new one, to the effect that the new society had been organized under a new plan, and that they could come in and cancel their stock in the old society, and take stock in the new one for it. It also appears that the secretary explained to such stockholders that the stock of the new society would be backed up by a transfer of the loans and assets of the old one. The stockholders so surrendering their certificates did not thereafter pay any dues to the old society, and none were required by it of any of its stockholders. The appellants paid dues to the new one for about one year. Four of the appellants, however, attended the meeting of the old society held on November 29, 1892, and voted thereat. There was also evidence tending to show that two of the appellants thereafter, and as late as December, 1895, took part as stockholders in proposed negotiations and arrangements for the preservation of the assets of the old society, paying taxes on its real estate, and making repairs thereon, until it could be sold at its actual value. Such arrangements, however, were not carried out.

The foregoing evidentiary facts are substantially undisputea, and the appellants claim that the only inference that can be drawn therefrom is that the appellants ceased to be stockholders when they surrendered their certificates of stock in the old society, and that the trial court was bound, as a matter of law, to so find.

It is true, as their counsel claim, that, there being then no debts, they had a right to surrender their stock, and sever entirely their connection with the society. But did they intend to absolutely surrender, without consideration, their interest in the assets of the old corporation—that is, in its capital stock—when they so surrendered the evidence of their stock for cancellation? It seems unreasonable to believe that they did so intend. The certificates of stock in the new society gave them no interest in the assets of the old society (without which the new shares were worthless), unless all of the stockholders of the old society exchanged their stock for that of the new society, or the latter in some other way acquired the assets of the former. It is more reasonable to believe that the surrender of their stock certificates by the appellants was merely tentative, and that they intended to and did retain their interest in the old society and its assets until the scheme for organizing a new society, on an improved plan, which should absorb the stockholders and assets of the old society, should be fully consummated, which was never done. The conduct of the appellants, in the absence of any explanation by them, cannot be rationally explained upon any other hypothesis.

We are of the opinion that the trial court was not required to find, as a matter of law, that the appellants ceased to be stockholders in the old society when they surrendered their stock certificates for cancellation, and received therefor similar certificates in the new company. On the contrary, we hold that the finding of the court complained of is fairly sustained by the evidence.

Order affirmed.